IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHOEL AHMED<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>  Plaintiff,<br><br>v.<br><br>MAHARJAN & LAMA, INC.<br>d/b/a LE MIRCH<br>1736 Connecticut Avenue NW<br>Washington, DC 20009<br><br>JAHAN, INC.<br>d/b/a LE MIRCH<br>1736 Connecticut Avenue NW<br>Washington, DC 20009<br><br>RESH MASKEY<br>4 Tahoe Circle, Apt. B<br>Owings Mills, MD 21117<br><br>ANWESH MAN SINGH<br>500 University Avenue, Apt. 1630<br>Honolulu, HI 96826<br><br>BHUIYAN DHAKA<br>a/k/a MARUF HASAN BHUIYAN<br>5550 Columbia Pike, Apt. 921<br>Arlington, VA 22204<br><br>RUMANA TARIN<br>1075 S Jefferson Street, Apt. 321<br>Arlington, VA 22204<br><br>  Defendants. | Civil Action No. _____ |

**COMPLAINT**

1. While Plaintiff worked at Defendants' Indian restaurant, Defendants paid Plaintiff a semi-monthly salary that denied him minimum and overtime wages.

2.     Plaintiff brings this action against Maharjan & Lama, Inc.; Jahan, Inc.; Resh Maskey; Anwesh Man Singh; Bhuiyan Dhaka; and Rumana Tarin ("Defendants") to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

## Jurisdiction and Venue

3.     Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

5.     Plaintiff Shoel Ahmed is an adult resident of Virginia.

6.     Defendant Maharjan & Lama, Inc. is a District of Columbia corporation. It did business as Le Mirch. Its principal place of business was located at 1736 Connecticut Avenue NW, Washington, DC 20009. Its registered agent for service of process is Rumana Tarin, 1736 Connecticut Avenue NW, Washington, DC 20009.

7.     Defendant Jahan, Inc. is a District of Columbia corporate entity. It does business as Le Mirch. Its principal place of business is located at 1736 Connecticut Avenue NW, Washington, DC 20009. Its registered agent for service of process is Eh Sayles, Esq., 1155 Connecticut Avenue NW, Suite 650, Washington, DC 20036.

8. Defendant Resh Maskey is an adult resident of Maryland. He resides at 4 Tahoe Circle, Apt. B, Owings Mills, MD 21117. He is an owner and officer of Defendant Maharjan & Lama, Inc. He exercises control over the operations of Maharjan & Lama, Inc. — including its pay practices.

9. Defendant Anwesh Man Singh is an adult resident of Hawaii. He resides at 500 University Avenue, Apt. 1630, Honolulu, HI 96826. He is an owner and officer of Defendant Maharjan & Lama, Inc. He exercises control over the operations of Maharjan & Lama, Inc. — including its pay practices.

10. Defendant Bhuiyan Dhaka is an adult resident of Virginia. He resides at 5550 Columbia Pike, Apt. 921, Arlington, VA 22204. He is an owner and officer of Defendant Jahan, Inc. He exercises control over the operations of Jahan, Inc. — including its pay practices.

11. Defendant Rumana Tarin is an adult resident of Virginia. She resides at 1075 S Jefferson Street, Apt. 321, Arlington, VA 22204. She is an owner and officer of Defendant Jahan, Inc. She exercises control over the operations of Jahan, Inc. — including its pay practices.

12. From approximately 2015 through approximately January 2019, Defendants Resh Maskey and Anwesh Man Singh owned and operated Maharjan and Lama, Inc. Maharjan and Lama, Inc. did business as Le Mirch, a restaurant located at 1736 Connecticut Avenue NW, Washington, DC 20009.

13. Defendants Resh Maskey and Anwesh Man Singh sold Le Mirch to Defendants Bhuiyan Dhaka and Rumana Tarin in approximately February 2019.

14. Defendants Bhuiyan Dhaka and Rumana Tarin own and operate Jahan, Inc. which currently does business as Le Mirch.

**Factual Allegations**

15. Defendants have owned and operated Le Mirch, an Indian restaurant located at 1736 Connecticut Avenue NW, Washington, DC 20009.

16. Plaintiff worked at Le Mirch from approximately 2015 through approximately May 2, 2020. However, Plaintiff took two leaves of absence: one from approximately January 1, 2018 to approximately September 30, 2018, and another from approximately January 10, 2020 through approximately February 26, 2020.

17. Plaintiff worked at Le Mirch as a kitchen laborer.

18. Plaintiff's job duties at Le Mirch primarily consisted of preparing and cooking food, baking naan, washing dishes, taking out the trash, and cleaning his workstation.

19. Plaintiff typically and customarily worked six days a week: every day but Wednesday. But on occasion, Plaintiff worked seven days per week.

20. Plaintiff worked approximately the following hours per week:

| Approximate Dates | Hours Per Week |
|---|---|
| Aug. 21, 2017– May 31, 2019 | 59.0 |
| Jun. 01, 2019–Dec. 15, 2019 | 70.0 |
| Dec. 16, 2019–Mar. 15, 2020 | 59.0 |
| Mar. 23, 2020–May 02, 2020 | 37.0 |

21. If Plaintiff worked on a Wednesday, he worked an additional eleven hours.

22. Prior to approximately March 23, 2020, Defendants paid Plaintiff a semimonthly salary.

23. Defendants paid Plaintiff approximately the following semimonthly salaries:

| Approximate Dates | Semimonthly Salary | Effective Hourly Rate |
|---|---|---|
| Aug. 21, 2017–Nov. 30, 2018 | $1,000.00 | $7.82 |
| Dec. 01, 2018–Feb. 28, 2019 | $1,500.00 | $11.73 |
| Mar. 01, 2019–May 31, 2019 | $800.00 | $6.26 |
| Jun. 01, 2019–Dec. 15, 2019 | $1,000.00 | $6.59 |
| Dec. 16, 2019–Mar. 15, 2020 | $800.00 | $6.26 |

4

24. Starting on approximately March 23, 2020, Defendants paid Plaintiff approximately $15.00 per hour.

25. When Defendants Jahan, Inc., Dhaka, and Tarin purchased Le Mirch, they promised to continue paying Plaintiff a semimonthly salary of $1,500.00. But they only paid him a semi-monthly salary of $1,500.00 for one month: February 2019.

26. After February 2019, Defendants Jahan, Inc., Dhaka, and Tarin, paid Plaintiff a semi-monthly salary of only $800.00 per month.

27. If Plaintiff worked an extra day, such as Wednesday, then Defendants Dhaka and Tarin would pay him $100.00 for each extra day of labor.

28. Plaintiff typically and customarily worked more than forty hours per workweek for Defendants.

29. At all relevant times, Defendants paid Plaintiff the same effective regular hourly rate across all hours worked.

30. At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

31. In addition to not paying overtime wages, Defendants did not always pay Plaintiff the federal and the D.C. minimum wage.

32. Federal law requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

33. D.C. law required that employers pay non-exempt employees at least $12.50 per hour from approximately July 1, 2017 through approximately June 30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through June 30, 2020. D.C. Code § 32-1003(a).

34. For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe Plaintiff approximately $45,271.70 in minimum and overtime wages (excluding liquidated damages).

35. While Le Mirch was operated by Maharjan & Lama, Inc.:

   i. Defendants Resh Maskey and Anwesh Man Singh set the restaurant's hours of operations.

   ii. Defendant Anwesh Man Singh hired Plaintiff;

   iii. Defendants Resh Maskey and Anwesh Man Singh set Plaintiff's work schedule;

   iv. Defendants Resh Maskey and Anwesh Man Singh set Plaintiff's salary; and

   v. Defendant Anwesh Man Singh handed Plaintiff his pay.

36. After Le Mirch was sold to Jahan, Inc. in 2019:

   i. Defendants Bhuiyan Dhaka and Rumana Tarin set the restaurant's hours of operations.

   ii. Defendant Bhuiyan Dhaka hired Plaintiff;

   iii. Defendant Bhuiyan Dhaka fired Plaintiff;

   iv. Defendants Bhuiyan Dhaka and Rumana Tarin set Plaintiff's work schedule;

   v. Defendant Bhuiyan Dhaka set Plaintiff's rate of pay;

   vi. Defendant Bhuiyan Dhaka signed Plaintiff's paychecks; and

   vii. Defendant Rumana Tarin supervised Plaintiff's work.

37. When Le Mirch was operated by Maharjan & Lama, Inc., Defendants Resh Maskey and Anwesh Man Singh had:

   i. the power to hire and fire Plaintiff;

   ii. the power to control Plaintiff's work schedule;

      iii. the power to supervise and control Plaintiff's work; and

      iv. the power to control Plaintiff's rate and manner of pay.

38. When Le Mirch was operated by Jahan, Inc., Defendants Bhuiyan Dhaka and Rumana Tarin had:

      i. the power to hire and fire Plaintiff;

      ii. the power to control Plaintiff's work schedule;

      iii. the power to supervise and control Plaintiff's work; and

      iv. the power to control Plaintiff's rate and manner of pay.

39. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his effective regular hourly rate for all hours worked in excess of forty hours in any one workweek.

40. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable minimum wage.

41. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

42. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

43. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

44. At all relevant times, Defendants had employees who handled food products, such as chicken or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

45. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

46. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

47. The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

48. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

49. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

50. Defendants violated the FLSA by knowingly failing to pay Plaintiff the required minimum wage.

51. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his effective regular hourly rate for hours worked in excess of forty hours in any one workweek.

52. Defendants' violations of the FLSA were willful.

53. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

54. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

55. Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

56. The DCMWA required that employers pay non-exempt employees at least $12.50 per hour from approximately July 1, 2017 through approximately June 30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through June 30, 2020. D.C. Code § 32-1003(a).

57. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

58. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

59. Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times his effective regular hourly rate for hours worked in excess of forty hours in any one workweek.

60. Defendants' violations of the DCMWA were willful.

61. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

62. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

63. Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

64. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

65. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

66. For purposes of the DCWPCL, "wages" include, among other things, minimum and overtime wages. D.C Code § 32-1301(3).

67. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including minimum and overtime wages.

68. Defendants' violations of the DCWPCL were willful.

69. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$186,482.10**, and grant the following relief:

    a.    Award Plaintiff $181,086.80, consisting of the following overlapping elements:

        i.    unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii.      unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

      iii.      unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.      Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.      Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $4,995.30);

d.      Award Plaintiff court costs (currently, $400.00); and

e.      Award any additional relief the Court deems just.

Date: September 4, 2020                        Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*